*Gorin,* for appellant.

*Rodes & Clark,* for appellee.

---

THOMAS MURPHY *v.* WM. M. JOHNSON.

**Sales—Payment in Commodity—Priority of Claimants.**

One who sold another hogs to be paid for in corn at a certain price per barrel has no claim on corn grown in a particular field by the purchaser, as against an execution creditor of the purchaser, where the corn has not been identified and set apart for the debt before the execution was levied thereon.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 22, 1873.

OPINION BY JUDGE PETERS:

Jones, a man of color, rented from appellee in the spring of 1870 a field to cultivate in corn. In April or May of that year, while they were engaged in planting the field in corn, appellee sold to Jones four hogs at the price of $55, to be delivered the following August, which amount Jones agreed to discharge in corn at $2.50 per barrel, to be delivered at the proper time for cribbing it.

In October, 1870, the corn raised on the field was cut, and put into shocks, being sixty-five in number, and appellant, a judgment creditor of Jones, placed an execution, which he caused to issue on his judgment in the hands of Waugh, a constable of Nicholas County, the same in which the field was situate, and in which the parties resided, who levied it on the shocks of corn in said field and sold thirty-four of them to satisfy appellant's debt.

This action was brought by appellee against Waugh, the constable, for the value of the corn sold, claiming that he was by his contract entitled to as much of the corn grown on his field as would pay his debt and by agreement appellant was substituted as the defendant in the action in place of Waugh, to whom he had given a bond of indemnity. On the trial of the cause in the court below the appellee was successful, and this appeal is prosecuted to reverse the judgment in his favor.

Stewart Johnson, the son of and witness for appellee, who gives a very clear and intelligent account of the transaction, proves in substance that in the spring of 1870 his father rented to Jones a house, garden, and a field to be cultivated in corn, the rent to be paid for in labor by Jones. That about the middle of April or first of May, while they were planting the corn, his father sold four hogs to Jones to be delivered the first day of August thereafter, and to be paid for in corn at $2.50 per barrel, at corn gathering time in the fall; that there was nothing said about the field out of which his father was to get the corn, but that Jones cultivated no other field of corn that year.

Appellee caused himself to be sworn as a witness, and proved the contract substantially as his son had done; he also stated that

he had never been paid for the hogs, that they were planting the corn when the contract was made; that the corn was not to be delivered by Jones till cribbing time, which occurs after the 10th of October; that the corn had not been measured, or pointed out to him, and he did not know whether he was to get the particular shocks levied on by the constable or not.

The execution with the return of the levy and sale of the corn by the constable was introduced and some other evidence, not material, however, to be specially noticed in determining the legal propositions involved.

The court below, on motion of appellee, charged the jury that if they believed from the evidence that the plaintiff, Johnson, sold Jones, the defendant in the execution, hogs at the price of $55.05 and was to have therefor corn then growing, or to be grown *in the field on the farm* of said plaintiff at cribbing time in a quantity sufficient at $2.50 per barrel to pay for said hogs, and the defendant levied upon and sold said corn so as to prevent the plaintiff from gathering the same, they must find for the plaintiff the said sum of $55.05. But if the jury believe from the evidence that the contract between Johnson and Jones was that the hogs were to be paid for in corn at $2.50 per barrel without reference as to where the corn was grown, or procured, then they must find for the defendant. To the giving of this instruction appellant excepted, and the correctness of that ruling we proceed now to consider.

This court in the case of *Cummins v. Griggs & Hayes*, 2 Duvall 87, sustained a sale of growing crop of tobacco made about the 20th of August, 1863, the vendor retaining the ostensible possession, and agreeing to take care of it, and cut and cure it, in that case the court said: "Until that has been done it was not removable, and susceptible of any other than a constructive possession, the retention of an apparent possession by the vendor did not *per se* make the absolute sale fraudulent, as against a creditor of the vendor." But the ground on which that decision rests is that nothing was left to be done in order to ascertain the value or to *identify* the thing sold, and therefore an implied preliminary, to the divestiture of the vendor's title. The parties had fixed the price, and the contract conclusively identified the tobacco sold and paid for.

In this case it is not pretended that the corn which appellee was to get was identified; it was not even identified and set apart; it

was matured and cut and put into shocks. But there was no evidence whatever that appellee was to get his pay out of the field rented from him by Jones, for young Johnson says there was nothing said about the field out of which his father was to get the corn. The court under this state of the testimony should have told the jury that unless they believed from the evidence that the corn which appellee was to get in pay for his hogs was identified, or that the corn was identified, and set apart for appellee before the fi. fa. and known at the date of the contract was placed in the constable's hands, they should find for the defendant.

Under this view of the case other questions discovered need not be decided. But for the reasons stated the judgment must be reversed and the cause remanded for a new trial and further proceedings not inconsistent herewith.

*Hargis & Norvell, Chism, for appellant.*

*Wm. Ross, for appellee.*